UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF FRANK PALFY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEL DIOS CARE, LLC and Does 1–25,<br><br>Defendants,<br><br>and<br><br>KURTY PALFY,<br><br>Nominal Defendant. | Case No. 22-cv-0048-MMA (KSC)<br><br>**ORDER AFFIRMING TENTATIVE RULINGS RE: PLAINTIFFS' MOTION TO REMAND, DEFENDANT'S REQUEST FOR JUDICIAL NOTICE, DEFENDANT'S REQUEST FOR JURISDICTIONAL DISCOVERY, AND DEFENDANT'S REQUEST FOR A STAY ON REMAND**<br><br>[Doc. Nos. 6, 10] |

Plaintiff Robin Joy Maxson, individually and as successor-in-interest to Frank Palfy, deceased (collectively, "Plaintiffs") brings this wrongful death action against Defendants Del Dios Care, LLC d/b/a Vista Del Lago Memory Care, ("Defendant"), Kurt Palfy, and Does 1–25. *See* Doc. No. 1-2 ("FAC."). On January 13, 2022, Defendant removed this action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C.

§ 1441, asserting federal question jurisdiction under 28 U.S.C. § 1331 and federal officer jurisdiction under 28 U.S.C. § 1442(A)(1).[1]  *See* Doc. No. 1.

Two motions and three requests for judicial notice are pending before the Court. *See* Doc. Nos. 1-3, 3, 4, 6, 10.  Defendant moves to dismiss all causes of action against it in the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  *See* Doc. No. 3.  Plaintiffs move to remand the action to state court pursuant to 28 U.S.C. § 1447. *See* Doc. No. 6.  Defendant filed an opposition to Plaintiffs' motion, to which Plaintiffs replied.  *See* Doc. Nos. 9, 12.  Defendant has also filed three requests for judicial notice. *See* Doc. Nos. 1-3, 4, and 10.

On March 28, 2022, the parties appeared before the Court for a hearing on the motion to remand.  *See* Doc. No. 14.  In anticipation of the hearing, the Court issued tentative rulings on Plaintiffs' motion to remand, Defendant's request for jurisdictional discovery, Defendant's request for a stay on remand, and Defendant's request for judicial notice made in support of its opposition to the motion to remand.  *See* Doc. No. 13.  For the reasons set forth below, the Court **AFFIRMS** its tentative rulings.

## I. B<small>ACKGROUND</small>[2]

On January 6, 2022, Plaintiffs filed their First Amended Complaint ("FAC") in state court.  Doc. No. 1-2 at 1.[3]  Plaintiffs allege that Frank Palfy was a resident of Vista Del Lago Memory Care, a skilled nursing facility.  *See* FAC ¶¶ 8, 45.  On or about November 18, 2020, "Decedent [Palfy] tested positive for COVID-19."  *Id.* ¶ 48.  On

---

[1] Only Defendant Del Dios Care, LLC filed the notice of removal.  *See* Doc. No. 1.  However, Kurt Palfy is named only as a nominal defendant.  FAC ¶ 16; *see G.M. v. Poole*, No. 17-cv-02415-TLN-CK2019, U.S. Dist. LEXIS 156259, at *9 (E.D. Cal. Sept. 11, 2019) (citing *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 808 (1997) ("If an heir refuses to participate in the suit as a plaintiff, he or she may be named as a [nominal] defendant so that all heirs are before the court in the same action; an heir named as a defendant in a wrongful death action is, in reality, a plaintiff.").

[2] Based on the parties' and the Court's familiarity with Plaintiffs' factual allegations, the Court does not set forth a detailed recitation of those allegations herein except as relevant to the disposition of the instant motions.  Except where otherwise indicated, the following information is taken from the operative First Amended Complaint.

[3] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

November 18, 2020, he died from "extreme respiratory infection/syndrome and other injuries." *Id.* ¶ 50. On November 12, 2021, Plaintiffs filed their Complaint in state court. Doc. No. 1-2 at 31. On January 6, 2022, Plaintiffs filed their First Amended Complaint ("FAC") in state court. FAC at 1. Plaintiffs bring four causes of action in their FAC: (1) dependent adult abuse and neglect pursuant to California Welfare & Institution Code §§ 15600, *et seq.*; (2) violation of patient rights pursuant to California Health & Safety Code § 1430(b); (3) negligence; and (4) wrongful death. *See id.* ¶¶ 51–89. Plaintiffs state that "all allegations in this case relate to [Defendant's] negligent failure to protect Mr. Palfy from contracting and dying from COVID-19." Doc. No. 6 at 10.

On January 13, 2022, Defendant removed this action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441, asserting federal question jurisdiction under 28 U.S.C. § 1331 and federal officer jurisdiction under 28 U.S.C. § 1442(A)(1). *See* Doc. No. 1.

Shortly after removal, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which remains pending, along with a request for judicial notice. *See* Doc. Nos. 3, 4. Plaintiffs subsequently filed a motion to remand, arguing that the Court lacks subject matter jurisdiction. *See* Doc. No. 6. Defendant filed an opposition to Plaintiffs' motion. *See* Doc. No. 9. In support of its opposition, Defendant also filed a request for judicial notice. *See* Doc. No. 10. Plaintiffs filed a reply to the opposition, which, among other things, argues that Defendant's request for judicial notice should be denied. Doc. No. 12 at 15.

## II. REQUEST FOR JUDICIAL NOTICE

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid 201(b)).

In support of its opposition to the motion to remand, Defendant requests judicial notice of thirty-four documents, largely consisting of agency acts and advisory opinions, along with a copy of Plaintiffs' FAC as filed in the state court. *See* Doc. No. 10. The Court **GRANTS** Defendant's request for judicial notice as the documents are publicly available and their authenticity is not subject to reasonable dispute.

### III. MOTION TO REMAND

**A.    Legal Standard**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Id.* "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). The party seeking federal jurisdiction bears the burden to establish jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S 178, 182–83 (1936)). Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1331, a federal district court has jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The existence of federal question exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A well pleaded complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27 (1983).

Additionally, 28 U.S.C. § 1441(a) provides for removal of a civil action from state to federal court if the case could have originated in federal court. The removal statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is

any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

**B.   Discussion**

Defendant removed the action to this Court on the basis that federal jurisdiction exists for three reasons: (1) the Public Readiness and Emergency Preparedness Act, 42 U.S.C. § 247d-6d (the "PREP Act") completely preempts Plaintiffs' claims; (2) Plaintiffs' claims present a federal issue under the *Grable* doctrine; and (3) the federal officer removal statute, 28 U.S.C. § 1442(A)(1), provides for jurisdiction. *See* Doc. No. 1 at 7, 20, 22. Defendant raises the same arguments in its opposition to the motion to remand. Doc. No. 9. In Plaintiffs' motion to remand, Plaintiffs contest each of these grounds, and additionally argue that the PREP Act does not apply to their claims at all. Doc. No. 6.

1. Complete Preemption

"Ordinarily federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint . . . . [I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . ." *Caterpillar Inc.*, 482 U.S. at 392–93. However, the doctrine of complete preemption permits removal where the "pre-emptive force" of a federal statute is "so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 905 (9th Cir. 2020) (quoting *Caterpillar*, 482 U.S. at 393). The Ninth Circuit has held that "complete preemption for purposes of federal jurisdiction under [28 U.S.C.] § 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *Id.* at 905 (citing *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018)). The federal statute "must 'provide[ ] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.'" *Id.* (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

Defendant argues that the PREP Act is a complete preemption statute. Doc. No. 9 at 11–20. Its main support for this argument is that a handful of nonbinding cases and various agencies—namely, the U.S. Department of Health and Human Services ("HHS")—have said so.[4] *See id.* at 13–18. The Ninth Circuit recently rejected this line of reasoning in *Saldana v. Glenhaven Healthcare LLC*, refusing to give deference to agency opinions on the issue of complete preemption, such as the U.S. Department of Health & Human Services, General Counsel Advisory Opinion 21-01 (Jan. 8, 2021). *See Saldana v. Glenhaven Healthcare LLC*, __ F.4th. __, 2022 U.S. App. LEXIS 4631, at *16 (9th Cir. Feb. 22, 2022) (citing *Dandino, Inc. v. United States DOT*, 729 F.3d 917, 920 n.1 (9th Cir. 2013)) ("[A]n agency's opinion on federal court jurisdiction is not entitled to *Chevron* deference.") Applying the Ninth Circuit's two-part complete preemption test, the *Saldana* Court concluded that the PREP Act is not a complete preemption statute even when a plaintiff explicitly alleges willful misconduct. *See Saldana,* 2022 U.S. App. LEXIS 4631, at *17 ("[F]inding that one claim may be preempted is different than finding that the 'federal statutory scheme is so comprehensive that it entirely supplants state law causes of action,' such as the [plaintiffs'] other causes of action for elder abuse, custodial negligence, and wrongful death."). At the hearing, Defendant could not articulate any dispositive distinction between this case and the facts present in *Saldana*. Therefore, consistent with the Ninth Circuit's reasoning in *Saldana*, the Court concludes that it does not have subject matter jurisdiction based on the doctrine of complete preemption.

---

[4] At the hearing on the motion to remand, Defendant argued that the Court should find complete preemption under *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). However, at the hearing, Defendant also conceded that the complete preemption tests used in *Davila*, *Saldana*, and the Third Circuit's opinion in *Estate of Maglioli v. Alliance Holdings, LLC*, 16 F.4th 393 (3d Cir. 2021) are essentially the same. Thus, fundamentally, Defendant appears to argue that the Ninth Circuit misapplied its own complete preemption test in *Saldana*. The Court finds this argument unpersuasive.

### 2. Grable *Doctrine*

Under *Grable*, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

> Only a few cases have fallen into this slim category, including: (1) a series of quiet-title actions from the early 1900s that involved disputes as to the interpretation and application of federal law. . .; (2) a shareholder action seeking to enjoin a Missouri corporation from investing in federal bonds on the ground that the federal act pursuant to which the bonds were issued was unconstitutional; and (3) a state-quiet title action claiming that property had been unlawfully seized by the Internal Revenue Service (IRS) because the notice of the seizure did not comply with the Internal Revenue Code. . . .

*City of Oakland*, 969 F.3d at 904 (internal citations omitted).

Defendant argues that the *Grable* doctrine supplies federal jurisdiction. Doc. No. 9 at 23–24. The Ninth Circuit concluded it does not:

> Here, the [Plaintiffs'] complaint states four causes of action: elder abuse, willful misconduct, custodial negligence, and wrongful death. The claims in the complaint are raised under California law and do not raise questions of federal law on the face of the complaint. [The defendant nursing home] seeks to raise a federal defense under the PREP Act, but a federal defense is not a sufficient basis to find embedded federal question jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1090 (9th Cir. 2009).

*Saldana*, 2022 U.S. App. LEXIS 4631, at *18. Here, as in *Saldana*, Plaintiffs allege state law claims that do not raise questions of federal law on the face of the complaint. *See* FAC. Consistent with the Ninth Circuit's reasoning in *Saldana*, the Court concludes it does not have subject matter jurisdiction based on embedded federal question grounds.

### 3. Federal Officer Removal

To invoke federal officer removal pursuant to § 1442(a)(1), "a defendant in a state court action 'must demonstrate that (a) it is a "person" within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018) (citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)).

Defendant argues that the federal officer removal statute supplies jurisdiction. Doc. No. 9 at 24–30. As its primary support for this argument, Defendant points to its designation by the federal government as part of the national "critical infrastructure," HHS's identification of "medical and healthcare providers as its 'critical partners,'" and "federal directives issued by the CDC, CMS, and local health departments. . ." *See id.* at 26. Again, the Ninth Circuit rejected these arguments in *Saldana*: "It cannot be that the federal government's mere designation of an industry as important—or even critical—is sufficient to federalize an entity's operations and confer federal jurisdiction." *Saldana*, 2022 U.S. App. LEXIS 4631, at *11. In the instant case, as in *Saldana*, "[a]ll that [the defendant nursing home] has demonstrated is that it operated as a private entity subject to government regulations, and that during the COVID-19 pandemic it received additional regulations and recommendations from federal agencies." *See id.* "But 'simply complying' with a law or regulation is not enough to 'bring a private person within the scope of the statute.'" *Id.* at *10 (quoting *Watson v. Philip Morris Cos.*, 551 U.S. 142, 152 (2007)). Thus, Defendant "was not 'acting under' a federal officer or agency as contemplated by the federal officer removal statute." *Id.* at *11. Therefore, consistent with the Ninth Circuit's reasoning in *Saldana*, the Court concludes it does not have subject matter jurisdiction pursuant to the federal officer removal statute.

### 4. Summary Regarding Subject Matter Jurisdiction

In light of the foregoing analysis, the Court concludes that it lacks subject matter jurisdiction over the instant case. Accordingly, the Court **GRANTS** Plaintiffs' motion to

remand. *See Gaus*, 980 F.2d at 566 (citing *Libhart*, 592 F.2d at 1064) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

     5. *Request for Jurisdictional Discovery*

Defendant asks for "limited jurisdictional discovery" before rendering a decision if there is "insufficient clarity of facts to decide whether federal jurisdiction lies in this Court based on application of the PREP Act . . . ." Doc. No. 9 at 2.

A district court has discretion to permit or deny jurisdictional discovery. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). "Discovery may be appropriately granted when pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.*

There is not a lack of clarity regarding the Court's lack of subject matter jurisdiction; the Court concludes that Defendant fails to meet its burden demonstrating that removal was proper. Moreover, Defendant has not identified the facts it seeks to discover or demonstrated how such facts would change the Court's analysis, especially in light of the Ninth Circuit's *Saldana* opinion. Therefore, the Court **DENIES** Defendant's request for jurisdictional discovery.

     6. *Request for Stay on Remand*

Defendant alternatively asks for a temporary stay on remand pursuant to Federal Rule of Civil Procedure 62(a) to "allow Defendant its right to appeal." Doc. No. 9 at 2. Defendant argues that "Defendant's removal is based in part on 28 U.S.C. § 1442(a)(1), federal officer jurisdiction, such [that] any action removed pursuant to 28 U.S.C. § 1442(a)(1) is reviewable by appeal." *Id.*

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418 433 (2009). A federal court's discretion in whether to grant a stay pending appeal is guided by an analysis of four factors set forth by the Supreme Court in *Nken*: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (citations omitted).

Defendant summarily requests a stay and provides no explanation as to how the circumstances justify a stay in this case. The Court therefore **DENIES** Defendant's request for a temporary stay on remand. *See Gavert v. CF Modesto, LLC*, 2022 U.S. Dist. LEXIS 42276, at *2 n.1 (E.D. Cal. Mar. 8, 2022) (collecting cases similarly denying a request for a stay based on a court's denial of federal officer jurisdiction where a defendant "has not demonstrated that the circumstances justify a stay in [the] case").

### IV. CONCLUSION

Based upon the foregoing, the Court **AFFIRMS** its tentative rulings. Accordingly, the Court **GRANTS** Defendant's request for judicial notice made in support of Defendant's opposition to the motion to remand, *see* Doc. No. 10, **GRANTS** Plaintiffs' motion to remand, *see* Doc. No. 6, and **REMANDS** this action to the Superior Court of California, County of San Diego. Further, the Court **DENIES** Defendant's request for jurisdictional discovery, *see* Doc. No. 9, and **DENIES** Defendant's request for a temporary stay on remand, *see id.* Additionally, in light of the remand, the Court **DECLINES** to rule on the following: (1) Defendant's motion to dismiss, *see* Doc. No. 3; (2) Defendant's request for judicial notice made in support of its motion to dismiss, *see* Doc. No. 4; and (3) Defendant's request for judicial notice made in support of its notice of removal, *see* Doc. No. 1-3. The Court **DIRECTS** the Clerk of Court to close the case and terminate all pending motions, deadlines, and hearings.

**IT IS SO ORDERED**.

Dated: April 5, 2022

HON. MICHAEL M. ANELLO
United States District Judge